**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| OSCAR C. VALLEJO, | Case No. EDCV 15-0499 SS |
| Plaintiff, | |
| v. | **MEMORANDUM DECISION AND ORDER** |
| CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration, | |
| Defendant. | |

**I.**

**INTRODUCTION**

Oscar C. Vallejo ("Plaintiff") seeks review of the final decision of the Commissioner of the Social Security Administration (the "Commissioner" or the "Agency") denying his application for Supplemental Security Income ("SSI"). The parties consented, pursuant to 28 U.S.C. § 636(c), to the jurisdiction of the undersigned United States Magistrate Judge. For the reasons stated below, the decision of the Commissioner is

REVERSED and REMANDED for further administrative proceedings consistent with this decision.

## II.

### PROCEDURAL HISTORY

On October 27, 2011, Plaintiff filed an application for SSI, claiming that he became disabled on January 21, 1991. (Administrative Record ("AR") 79-88; see also AR 31-32). Plaintiff based his alleged disability on psychomotor retardation, severe neck pain, severe left shoulder pain, severe upper back pain, severe lower back pain, severe head pains, diverticulosis, and dysthymia. (AR 103). The Agency denied Plaintiff's application on May 24, 2012 (AR 38-42) and upon reconsideration on November 29, 2012. (AR 43-37).

Plaintiff requested a hearing, which was held before Administrative Law Judge ("ALJ") Jay E. Levine on February 5, 2014. (AR 285-303). Vocational expert ("VE") Joseph Torres also testified. (AR 299-302). On July 29, 2014, the ALJ issued an unfavorable decision. (AR 14-23). Plaintiff sought review before the Appeals Council (AR 9), which the Council denied on January 26, 2015. (AR 5-7). The ALJ's determination thus became the final decision of the Commissioner. Plaintiff filed the instant action on March 16, 2015.

\\

\\

**III.**

**THE FIVE-STEP SEQUENTIAL EVALUATION PROCESS**

To qualify for disability benefits, a claimant must demonstrate a medically determinable physical or mental impairment that prevents him from engaging in substantial gainful activity and that is expected to result in death or to last for a continuous period of at least twelve months. Reddick v. Chater, 157 F.3d 715, 721 (9th Cir. 1998) (citing 42 U.S.C. § 423(d)(1)(A)). The impairment must render the claimant incapable of performing the work he previously performed and incapable of performing any other substantial gainful employment that exists in the national economy. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

To decide if a claimant is entitled to benefits, an ALJ conducts a five-step inquiry. 20 C.F.R. §§ 404.1520, 416.920. The steps are:

(1) Is the claimant presently engaged in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.

(2) Is the claimant's impairment severe? If not, the claimant is found not disabled. If so, proceed to step three.

(3) Does the claimant's impairment meet or equal one of the specific impairments described in 20

3

1         C.F.R. Part 404, Subpart P, Appendix 1?  If so,

2         the claimant is found disabled.  If not, proceed

3         to step four.

4   (4)  Is the claimant capable of performing his past

5         work?  If so, the claimant is found not disabled.

6         If not, proceed to step five.

7   (5)  Is the claimant able to do any other work?  If

8         not, the claimant is found disabled.  If so, the

9         claimant is found not disabled.

10

11 Tackett, 180 F.3d at 1098-99; see also Bustamante v. Massanari,

12 262 F.3d 949, 953-54 (9th Cir. 2001) (citations omitted); 20

13 C.F.R. §§ 404.1520(b)-(g)(1) & 416.920(b)-(g)(1).

14

15     The claimant has the burden of proof at steps one through

16 four, and the Commissioner has the burden of proof at step five.

17 Bustamante, 262 F.3d at 953-54.  Additionally, the ALJ has an

18 affirmative duty to assist the claimant in developing the record

19 at every step of the inquiry.  Id. at 954.  If, at step four, the

20 claimant meets his burden of establishing an inability to perform

21 past work, the Commissioner must show that the claimant can

22 perform some other work that exists in "significant numbers" in

23 the national economy, taking into account the claimant's residual

24 functional capacity ("RFC"), age, education, and work experience.

25 Tackett, 180 F.3d at 1098, 1100; Reddick, 157 F.3d at 721; 20

26 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).  The Commissioner may do

27 so by the testimony of a VE or by reference to the Medical-

28

1   Vocational Guidelines appearing in 20 C.F.R. Part 404, Subpart P,

2   Appendix 2 (commonly known as "the Grids"). Osenbrock v. Apfel,

3   240 F.3d 1157, 1162 (9th Cir. 2001). When a claimant has both

4   exertional (strength-related) and non-exertional limitations, the

5   Grids are inapplicable and the ALJ must take VE testimony. Moore

6   v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000) (citing Burkhart v.

7   Bowen, 856 F.2d 1335, 1340 (9th Cir. 1988)).

8

9                                **IV.**

10                        **THE ALJ'S DECISION**

11

12       The ALJ employed the five-step sequential evaluation

13   process. At step one, the ALJ found that Plaintiff had not

14   engaged in substantial gainful employment since October 27, 2011,

15   the application date. (AR 16). At step two, the ALJ found that

16   Plaintiff had the severe impairments of lumbosacral myofascial

17   strain and depression not otherwise specified with lower average

18   intellectual ability. (Id.).

19

20       At step three, the ALJ found that Plaintiff did not have an

21   impairment or combination of impairments that met or medically

22   equaled the severity of an impairment listed in 20 C.F.R. Part

23   404, Subpart P, Appendix 1 (20 C.F.R. §§ 416.920(d), 416.925,

24   404.926). (AR 16-17). The ALJ then found that Plaintiff had the

25   RFC to "to perform medium work as defined in 20 CFR 416.967(c)

26   except [Plaintiff] is limited to frequently climb[ing] ramps and

27   stairs, but he can occasionally stoop and bend; [and] he can

28

                                   5

occasionally lift above the shoulder level with either upper extremity." (Id.).

At step four, the ALJ found that Plaintiff has no past relevant work. (AR 22). At step five, the ALJ found that, considering Plaintiff's age, education, work experience and RFC, he could perform jobs that exist in significant numbers in the national economy. (Id.). Based on the VE's testimony, the ALJ concluded that Plaintiff could perform the requirements of laundry worker, hand packager, and dining room attendant. (AR 22-23). Accordingly, the ALJ found that Plaintiff was not disabled. (AR 23).

**V.**

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The court may set the decision aside when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (citing Tackett, 180 F.3d at 1097). "Substantial evidence is more than a scintilla, but less than a preponderance." Reddick, 157 F.3d at 720 (citing Jamerson v. Chater, 112 F.3d 1064, 1066 (9th Cir. 1997)). It is "relevant evidence which a reasonable person might accept as adequate to support a conclusion." Id.

1  (citing Jamerson, 112 F.3d at 1066; Smolen v. Chater, 80 F.3d

2  1273, 1279 (9th Cir. 1997)).

3

4      To determine whether substantial evidence supports a

5  finding, the court must "'consider the record as a whole,

6  weighing both evidence that supports and evidence that detracts

7  from the [Commissioner's] conclusion.'" Aukland, 257 F.3d at

8  1035 (quoting Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir.

9  1993)).  If the evidence can reasonably support either affirming

10 or reversing that conclusion, the court may not substitute its

11 judgment for the Commissioner's.  Reddick, 157 F.3d at 720-21

12 (citing Flaten v. Sec'y, 44 F.3d 1453, 1457 (9th Cir. 1995)).

13

14                              **VI.**

15                          **DISCUSSION**

16

17 **A.  Plaintiff's Hearing Loss Is A Severe Impairment**

18

19     Among Plaintiff's contentions is that the ALJ erred in

20 failing to consider that his hearing loss was a severe

21 impairment, and thus the VE's testimony that Plaintiff could

22 perform the occupations of laundry worker, hand packager, and

23 dining room attendant was error.  ((Plaintiff's Memorandum in

24 Support of Complaint (the "MSC"), Dkt. No. 18, at 9-12).  The

25 Court agrees in this respect.

26

27

28

                                7

By its own terms, the evaluation at step two is a de minimis test intended to weed out the most minor of impairments. See Bowen v. Yuckert, 482 U.S. 137, 153-54 (1987); Edlund v. Massanari, 253 F.3d 1152, 1158 (9th Cir. 2001) (quoting Smolen, 80 F.3d at 1290) (stating that the step two inquiry is a de minimis screening device to dispose of groundless claims). An impairment is not severe only if the evidence establishes "a slight abnormality that has no more than a minimal effect on an individual['s] ability to work." Smolen, 80 F.3d at 1290 (internal quotations marks omitted). Here, although the ALJ discussed Plaintiff's audiological evaluation in his decision (AR 20), he did not discuss whether Plaintiff's hearing loss constituted a severe impairment; nor did the ALJ include any limitations in the RFC due to hearing loss. The Court finds that the ALJ's failure to do so was error because substantial evidence existed in the record to demonstrate that Plaintiff's hearing loss was severe.

A January 15, 2014 audiological evaluation revealed that Plaintiff had "[t]innitus [in] both ears for several years with hearing loss" and an audiometry testing showed "[m]ild sensorineural loss." (AR 261-62). As a result, Plaintiff was referred to "IEHP hearing aid dispenser for hearing aids." (Id.). These records constitute significant medical evidence to demonstrate that Plaintiff's hearing was impaired. 20 C.F.R. § 416.927(a)(2) ("Medical opinions . . . that reflect judgments about the nature and severity of [a plaintiff's] impairment(s),

including symptoms, diagnosis and prognosis," are evidence that a plaintiff may submit in support of his disability claim). Accordingly, the ALJ applied more than a de minimis test at step two concerning Plaintiff's hearing impairment and the error cannot be considered harmless as it impacted the remainder of the five-step process.

Upon remand, the ALJ must reevaluate Plaintiff's RFC with the finding that Plaintiff's hearing loss is a severe impairment, in which case additional testimony from a VE will be needed to determine what work, if any, Plaintiff can perform.

**B.   The ALJ Failed To Identify The Specific Testimony He Found Not Credible**

In order to reject Plaintiff's subjective testimony, the ALJ must make specific findings stating clear and convincing reasons for rejecting the testimony. Smolen, 80 F.3d at 1281. The ALJ "must identify what testimony is not credible and what evidence undermines the claimant's complaints." Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1996).

The ALJ summarized Plaintiff's subjective testimony and other statements by Plaintiff in the record. (AR 18). He then summarized the medical evidence. (Id.). However, while the ALJ briefly notes Plaintiff's general pain testimony (AR 19), he does not identify specifically which allegations of disabling symptoms

1  he finds not credible and what evidence specifically undermines

2  those complaints.   On remand, the ALJ shall more specifically

3  identify the testimony that the ALJ finds not credible and the

4  evidence that undermines that particular testimony.

5

6                                **VII.**

7                             **CONCLUSION**

8

9      Accordingly, IT IS ORDERED that judgment be entered

10  REVERSING the decision of the Commissioner and REMANDING this

11  matter for further proceedings consistent with this decision.   IT

12  IS FURTHER ORDERED that the Clerk of the Court serve copies of

13  this Order and the Judgment on counsel for both parties.

14

15  DATED:  December 30, 2015

16

17                                    _____
                                             /S/
18                                    SUZANNE H. SEGAL
                                      UNITED STATES MAGISTRATE JUDGE

19

20                             **NOTICE**

21  **THIS DECISION IS NOT INTENDED FOR PUBLICATION IN LEXIS/NEXIS,**
22  **WESTLAW OR ANY OTHER LEGAL DATABASE.**

23

24

25

26

27

28